IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT J. MAHAFFEY and TAMERA
K. MAHAFFEY, tenants by the entirety,

      Plaintiffs,

      v.

QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON,
et al.,

      Defendants.

Case No. 6:17-cv-1191-tC

OPINION AND ORDER

MCSHANE, Judge:

    Yesterday, plaintiffs Robert and Tamera Mahaffey moved for a temporary restraining order (TRO) prohibiting defendants from evicting plaintiffs (via a pending Forcible Entry and unlawful Detainer/Eviction state action in Decshutes County) or selling, transferring, conveying, or otherwise disposing of plaintiffs' home. ECF No. 3. In addition to the motion for a TRO, plaintiffs filed a 43-page complaint two days ago against several banks, trustees, and servicing

1 – OPINION AND ORDER

entities bringing several claims related to the alleged improper, illegal, and void foreclosure proceedings on plaintiffs' home.

Like many actions challenging foreclosure proceedings, plaintiffs' arguments appear to center on alleged improper assignments of the note and deed of trust, resulting in the foreclosing parties allegedly violating the Oregon Trust Deed Act. Broadly speaking, plaintiffs allege the violations render the foreclosure, and the Trustee's Deed Upon Sale, void.

According to the Complaint, plaintiffs at some point signed a promissory note, secured by a deed of trust on the property, in the amount of $467,000. Compl, ¶ 5. A March 21, 20016 Notice of Default and Election to Sell the property was recorded in the county land records on March 23, 2016. *Id.* at ¶ 16. The Notice of Default lists a payoff amount of $871,365.27 with an amount to reinstate of $353,540.91. *Id.* at ¶ 5. On March 24, 2016, plaintiffs were served with a Notice of Sale. *Id.* at ¶ 18.

On October 27, 2016, defendant Quality Loan Service Corporation of Washington recorded a Trustees Deed Upon Sale. *Id.* at ¶ 1. The Trustee's Deed states title to the property owned by plaintiffs passed to the "Current Beneficiary" following the October 17, 2016 foreclosure trustee's sale. *Id.* at ¶ 2. At that sale, the beneficiary purchased the property for $385,000. *Id.* at ¶ 22.

The Complaint's 43-pages do not detail what actions plaintiffs took to stop this allegedly illegal foreclosure sale between March 23, 2016 and October 17, 2016, the date of the foreclosure sale. Likewise, the Complaint is silent as to the actions taken by plaintiffs in the months following the sale.

On July 6, 2017, defendant U.S. Bank NA filed a motion for Forcible Entry and Detainer in Deschutes County regarding the property. Mot. for TRO, ¶ 3. An eviction trial was set for

2 – OPINION AND ORDER

yesterday, the same day plaintiffs moved for a TRO in this Court restraining defendants from proceeding with the eviction. Judge Alton Brady "took the eviction case upon advisement and will rule in this matter unless the U.S. District Court grants a stay of her ruling in Deschutes County." *Id.* As noted, plaintiffs seek a TRO enjoining defendants from evicting plaintiffs or selling the property.

While the Complaint's allegations are not a model of clarity, the Court construes the general claims relating to the TRO as: there were irregularities regarding who was the beneficiary at any given time; there were irregularities regarding who was the trustee at any given time, and; these irregularities led to violations of the Oregon Trust Deed Act, which requires certain interests (such as the beneficiary and the trustee) be recorded before the trustee's sale. Plaintiffs argue that because defendants violated the Oregon Trust Deed Act, the foreclosure sale was void and defendants have no right to evict them or dispose of the property. As alleged by plaintiffs:

> Trust Deeds and Notes are supposed to follow one another and are expected to be recorded as ownership changes occur. This allows for a perfect chain of title of the trust deed and note and then allows lien holders to set the "priority" of said lien. Recordings also determine who had beneficial interest in the respective Note. MERS and current WILMINGTON Trust ownership of the Note and Trust Deed is exacerbating the two concerns mentioned in that it is not readily apparent who was in actual ownership of the beneficial interest in the Note from 2007 to the present time and creates an imperfect chain of title.

Compl., ¶ 51.

During the foreclosure crisis following the economic collapse nearly ten years ago, many borrowers raised similar arguments to those plaintiffs appear to raise here. The Oregon Supreme Court discussed similar arguments (amongst others) in *Brandrup v. ReconTrust*, 353 Or. 668 (2013) and *Niday v. GMAC Mortg., LLC*, 353 Or. 648 (2013).

While *Brandrup* and *Niday* provided much-needed guidance to courts charged with reviewing foreclosure proceedings, especially those cases involving MERS, questions remained regarding how much compliance—strict or something less—the Oregon Trust Deed Act required to complete a foreclosure sale. In other words, *Brandrup* and *Niday* did not resolve issues involved with challenges to completed foreclosure sales, like the one at issue here.

Last year, analyzing *Brandrup*, *Niday*, and the language and legislative history of Oregon Trust Deed Act, the Ninth Circuit provided answers as to what a foreclosed homeowner, like plaintiffs here, must allege to successfully challenge a completed foreclosure sale. *See Woods v. U.S. Bank N.A.*, 831 F.3d 1159 (9th Cir. 2016). Noting the delicate balance between protecting homeowner's (i.e., "grantors") rights and providing banks (i.e., "grantees") a "streamlined process with finality," the Ninth Circuit concluded that to successfully challenge a completed sale, the grantor must provide specific factual allegations of some "fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default." *Id.* at 1166 (citation omitted). Technical defects, such as listing the wrong beneficiary on the notice of sale, are not significant enough to overturn the foreclosure. *Id.* At this stage, though they challenge a completed foreclosure sale, plaintiffs only allege what appear to be technical violations. Plaintiffs appear to admit being in default (though they likely dispute the exact amount of the default) and, as noted above, admit receiving advance notice of the sale. The Conclusion of *Woods* appears to apply to the facts alleged here:

> The only defect in the foreclosure process identified by Appellants has to do with the content of the notice. The defect is the incorrect listing of the beneficiary in the notice they received. However, Appellants do not dispute that: (1) they were in default; (2) they were served in the manner required by ORS 86. 740 (requiring, at a minimum, service by certified mail 120 days before the sale) and ORS 86.750 (requiring personal service on grantors who occupy the property 120 days before the sale); (3) they had no financial ability to cure the default and redeem the property; (4) they took no action to challenge the sale prior to it

> becoming final; and (5) they only challenged the foreclosure sale many months after the foreclosure sale was completed. Based on the foregoing, Appellants post-sale claims are barred as their property interests have been terminated and foreclosed pursuant to ORS 86.770(1).

*Id.*

Regardless of the specific claims plaintiffs raise, they essentially seek to challenge the completed foreclosure sale. Because plaintiffs only allege "technical" violations of the Oregon Trust Deed Act, I conclude that at this stage, plaintiffs do not demonstrate any likelihood of success on the merits of that challenge. Therefore, plaintiffs' motion for a TRO is DENIED.[1]

IT IS SO ORDERED.

DATED this 3rd day of August, 2017.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

---

[1] A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). **Error! Main Document Only.**The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995).

5 – OPINION AND ORDER